# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

### V.

Jason Latzman
_____
*Defendant*

### ORDER OF DETENTION PENDING TRIAL

Case Number: 06-20328

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in
  _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3)  A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1)  There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1)  There is a serious risk that the defendant will not appear.

☑ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant's supervised release commenced on 03/07/07. He has been an absconder from his probation officer since 04/17/07. Prior to 4/17/07 defendant failed to report on 04/05/07 and 4/09/07. An unscheduled home visit was made on 4/14/07. At that time a new 4/17/07 report date was scheduled. Defendant did appear on 4/17/07, but without the required doctor's note to explain his previous failure to report on 4/5/07. Defendant admitted then that he lied about being sick on 4/5/07. (Continue on Page 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

July 2, 2007
_____
Date

s/ Mona K. Majzoub
_____
*Signature of Judge*

MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE
_____
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

However, defendant was in fact hospitalized for eight days in May, beginning on 5/7/07 but he failed to so advise his probation officer.  Notwithstanding his hospitalization at St. Mary's Hospital in Livonia, Defendant missed random drug screens on 3/21/07, 5/7/07*, 6/6/07 and 6/25/07.  He failed to report for his random drug screens on 3/21/07, 5/7/07* and 6/6/07.  He also failed to report for scheduled treatment sessions on 5/29/07 and 6/5/07.  None of the many calls made by the probation officer to his cell phone was returned.  The Marshals apprehended defendant in an apartment at an address unknown to his probation officer.  Defendant claims to have obtained employment with Costco, but never communicated this to his probation officer while on supervised release.  Defendant has an active outstanding bench warrant for failure to appear on a DUIL charge in Plymouth, MI.  Defendant has shown total and utter disregard for the conditions of his supervised release.  He has demonstrated both his unwillingness and his inability to comply with the most basic requirements of supervised release.  He obtained absconder status during the early months of his term of supervision.  This court is unconvinced that defendant is able or willing to comply with conditions of bond and believes that there are no conditions of bond that would adequately assure defendant's appearance in court.  Detention is therefore Ordered.

* 5/7/07 is Defendant's admission date to St. Mary's Hospital for his 8-day confinement there.